IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert B. Campbell, | ) | Civil Action No.: 6:14-3731-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| D. Garrison Hill, Judge; Karen C. Ratigan, Att. Gen. Ass., | ) | |
| | ) | |
| Defendants. | ) | |

On September 22, 2014, Plaintiff Robert B. Campbell, ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for review pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A . On October 6, 2014, the Magistrate Judge prepared a thorough Report and Recommendation, ("the Report"), recommending that this action be summarily dismissed *without prejudice* and without issuance and service of process, as Plaintiff's Complaint fails to set out plausible claims for which relief can be granted. (ECF No. 10). Plaintiff filed an Objection to the Report on October 16, 2014. (ECF No. 13). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and Plaintiff's Objection. The Court has undertaken a *de novo* review, even though Plaintiff's filing does not advance specific objections to the Magistrate Judge's Report. Instead, Plaintiff's "Objection" amounts to a restatement of his claim of perceived collusion between the state court judge and state court prosecutor who participated in Plaintiff's PCR hearing. (ECF No. 13). Plaintiff does not even meaningfully address the Magistrate Judge's central determination that Plaintiff's allegations fail to set out plausible claims for money damages, given the broad immunity enjoyed by judicial officers and prosecutors.

For these reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 10). Accordingly, the action is **DISMISSED** *without prejudice* and without issuance and service of process. Plaintiff's subsequently-filed Motion for Update on Case, (ECF No. 19), and Motion for Hearing, (ECF No. 21), are properly terminated as **MOOT**.

**IT IS SO ORDERED.**

                s/Mary G. Lewis
                United States District Judge

Columbia, South Carolina
April 13, 2015